*In the matter of the petition of* STUART *and wife.*

A married woman, upon the joint petition of herself and her husband, was allowed to mortgage a legacy payable to the wife at a future day, for the purpose of raising money (to be invested in mercantile business.) The profits to be applied to the support of the wife and her children.

But this was not allowed, until the husband had made a settlement of the legacy upon the wife and her children. The deed of settlement was approved of by the court; and the draft of it was filed in the office of the clerk.

*October* 29. 1831.

THIS was an application on the part of the petitioners for an order sanctioning an assignment, by way of mortgage, to the New York Life Insurance and Trust Company of a legacy bequeathed to the petitioner Letitia Stuart.

The petition showed Letitia to be one of the daughters of Teunis Bergh, who had died on the fifth day of August one thousand eight hundred and twenty-eight; also, that the deceased had duly made his will, which had been proved by his executors. The following clauses of the will were set out:

"I give and bequeath unto each of my daughters, Ann, wife "of Elias Fountain, and Catharine, wife of Warren Haight, the "sum of three thousand dollars; and to each of my daughters "Sarah Sherman and *Letitia*, spinsters, the sum of five thou- "sand dollars; and to my grandson Samuel Bergh White the "sum of two thousand dollars: the said several bequests to be "paid to them respectively by my two sons and executors, "hereinafter named and appointed, at the expiration of five "years after my decease. Provided always and it is my will "and I do hereby direct, that if any or either of my said daugh- "ters shall depart this life before the legacy hereby to them se- "verally bequeathed shall have become payable, without leav- "ing lawful issue at their or her death or deaths, then the le- "gacies or legacy hereby given to them respectively, as well "original as accruing by virtue of this present clause or pro- "viso, shall, from time to time, accrue and go to the survivors "or survivor of my said sons and of my said daughters in "equal shares and proportions if more than one, and if but one, "then the whole to such one, and be paid to them, him or her "together with and at the same time as the said original lega- "cies are by this my will directed to be paid. But, in case any "or either of my said daughters shall die before the expiration "of the term of five years to commence and be computed from "the time of my decease, having lawful issue living at the "time of their deaths or death and who shall be living at the "expiration of the said term of five years, then the legacies or "legacy of them or her so dying and leaving such issue shall "go and belong to their or her children in equal shares and "proportions, such children nevertheless to be entitled to and "take shares which their respective mothers would have been "severally entitled to and taken, if living. Further, it is my "will and I hereby direct, that in case all my daughters shall "depart this life before the expiration of five years after my

22

" decease, without leaving lawful issue them surviving, or having
" such issue, they shall all die before the expiration of the said
" term, then the said several legacies so given and bequeathed
" by this my will to my said daughters shall sink into and be-
" come part of the residue of my estate and effects and go to
" and be received or retained accordingly by my residuary
" legatee hereinafter named and appointed." And the petition,
after setting out the intermarriage of the petitioners and the
birth of a son then aged two years, continued and ended thus :
" Your petitioners further show, that the property and income
" of your petitioners is very small and inadequate to their com-
" fortable support; and they are desirous to make a portion of
" the said legacy of five thousand dollars immediately availa-
" ble, by employing the same in mercantile business, whereof
" the said Frederick A. Stuart, who is by occupation a mer-
" chant, shall become the manager. And your petitioner, the
" said Letitia, is fully convinced, that her interests would be
" greatly promoted and that it is essential to her comfortable
" subsistence that a portion of the said legacy may be applied
" in the manner above referred to. And your petitioners fur-
" ther show, they have recently made application to the Presi-
" dent and Directors of the New York Life Insurance and
" Trust Company for a loan of the sum of three thousand dol-
" lars at an interest of seven per centum per annum ; and have
" offered to assign the said legacy of five thousand dollars to
" the said company as security for the repayment of the said
" sum of three thousand dollars and secure the said com-
" pany by an insurance on the life of your petitioner the
" said Letitia. And your petitioners further show, that the said
" New York Life Insurance and Trust Company have given
" your petitioners to understand that the said company will ad-
" vance to your petitioners the said sum of three thousand dol-
" lars by way of loan on the terms above mentioned, if the as-
" signment of the said legacy, by way of security as aforesaid,
" can be made in such a manner as to convey and bind the
" rights and interests of your petitioner, the said Letitia, in the
" said legacy. And the said company have required of your
" petitioners that the sanction of this honorable court shall be

" obtained on the assignment by your petitioner of her said le-
" gacy to the said company for the purposes and on the terms
" above set forth and an order be entered, according to law and
" the practice of this honorable court, which shall be binding on
" your petitioner, the said Letitia, and which shall enable her
" to convey, without any reservation of equities, rights or inte-
" rests, the said legacy to the said company for the purposes
" aforesaid. Your petitioner, the said Letitia, further shows,
" that she has been fully advised as to all her rights and inte-
" rests in the said legacy: but that she is desirous of assigning
" the said legacy for the purposes aforesaid, being convinced
" that her interests and comfort will be promoted thereby:
" Your petitioners therefore pray, that the premises being con-
" sidered, an order may be made by this honorable court, sanc-
" tioning the proposed assignment of the said legacy by your
" petitioner, Letitia, to the said New York Life Insurance and
" Trust Company, as security for the said loan, and rendering
" such assignment binding and conclusive upon your petitioner
" the said Letitia and excluding her from any rights or equities
" in the said legacy after the said assignment shall be made, as
" far as the repayment of the said loan and the security thereof
" are concerned; or, that such further order may be made in
" the premises as the circumstances require and as shall be
" agreeable to equity and good conscience."

Upon the presenting of this petition, the petitioners appeared
before the Vice-Chancellor; and Mrs. Stuart was examined
apart from her husband by his honor at chambers and testified
her consent to the prayer of the petition.

A copy of the petition and notice of the application had been
personally served upon the executors.

Mr. *William Kent* and Mr. *Charles Edwards*, for the petition-
ers, gave his honor to understand that a settlement was intended
to be executed by Frederick A. Stuart, whereby the said lega-
cy of five thousand dollars and the moneys and interest to be
raised thereon would be secured for the benefit of the said Le-
titia and her children: *Johnson* v. *same*, 1 *J. & W.* 451.

1831.

IN THE MAT-
TER OF STU-
ART.

THE VICE-CHANCELLOR, after suggesting that the application could not be granted upon the petition alone—and in proof thereof referred to *Purdew* v. *Jackson,* 1 *Russ.* 1, and the cases there cited (*a*)—directed an order to be entered, upon the understanding that the form of a settlement should be approved of by the court and be executed in favor of the petitioner Letitia and her children prior to the raising of the said loan.

The important parts of the order were as follow : " On read-" ing the petition of Frederick A. Stuart and Letitia his wife, " verified by the affidavit of the said Frederick A. Stuart, set-" ting forth, that the said Letitia, &c. &c." "And on motion " &c." "and the said Letitia Stuart being present in court, and " being examined by the court, and expressing her desire that " the sanction of this court should be given to the said assign-" ment, in the manner proposed by the said company and that " an order should be, for the said purpose, entered in this mat-" ter : It *is ordered,* adjudged and decreed, and this court, by " virtue of the authority therein vested, doth order, adjudge and " decree, that the said petitioners may be and they hereby are " authorized to assign and transfer all their respective right, " title and interest of in and to the said legacy of five thousand " dollars, mentioned in the said petition, and which in and by " the said last will and testament was bequeathed to the said " Letitia Stuart, to the New York Life Insurance and Trust " Company as security for the repayment with interest of a " loan of three thousand dollars, which is proposed to be and " shall be made by the said company to the said Frederick A. " Stuart ; and that such assignment, when made, shall be bind-" ing and conclusive upon the said Letitia and upon all her

---

(*a*) See also *Smith* v. *Kane,* 2 *Paige's C. R.* 303 ; *Wade* v. *Saunders,* 1 *Turn. & R.* 306 ; *Honner* v. *Morton,* 3 *Russ.* 65 ; *Sansum* v. *Dewar, ib.* 91 ; *Ripley* v. *Woods,* 2 *Sim.* 165 ; *Pierce* v. *Thornley, ib.* 167 ; *Wombwell* v. *Laver, ib.* 360. The husband's " making a reasonable provision" for the wife's benefit and that of *her children* out of the legacy helps the case : see *Howard* v. *Moffatt,* 2 *J. C. R.* 206 ; *Johnson* v. *same,* supra ; and *Field* v. *Fowle,* 4 *Russ.* 112.

"rights and interests in the said legacy: But *it is further or-* "*dered*, that before the said sum of three thousand dollars shall "be paid by the said company, the said Frederick A. Stuart "shall submit to this court a settlement of the said legacy and "money on and for the benefit of his said wife and children to "be approved of by this court."

A settlement was accordingly prepared and submitted to the Vice-Chancellor; and the draft of it, with his approval endors-ed, was directed to be filed in the office of the clerk of the court simultaneously with the intended loan. Mrs. Stuart exe-cuted this settlement apart from her husband, in the presence of the Vice-Chancellor. (*a*)

1831.

IN THE MAT-TER OF STU-ART.

*October* 31.

---

(*a*) The New York Life Insurance and Trust Company required the trustee in the settlement to be a party to the assignment, by way of mortgage, of the legacy. The trustee also, at their request, was the person who filled up and signed the form of proposal for the insuring of the life of the petitioner Letitia. He, upon doing so, took a stipulation from the company which indemnified him from all liability on account of so being the party who requested such insu-rance upon Mrs. Stuart's life.

The settlement contained (*inter alia*) the following trusts: "AND "IT IS HEREBY AGREED AND DECLARED, that the said C. E. his exe-"cutors and administrators shall stand possessed of the said bequest "of five thousand dollars and all future right to the possession and "property therein and all proceeds to arise therefrom: UPON TRUST "to permit the said Letitia Stuart, with the joining and concurrence "of the said Frederick A. Stuart, to obtain and raise the said sum "of three thousand dollars from the said New York Life Insurance "and Trust Company, by way of loan or mortgage, at interest, pur-"suant to the terms of the said recited order in chancery. And then, "UPON TRUST to permit the said Frederick A. Stuart to receive into "his own hands the said sum of three thousand dollars from the said "New York Life Insurance and Trust Company; and also permit "him to invest the same in mercantile business and pursuits: but "so nevertheless that all the said loan and all accumulations, profit "and interest to arise therefrom shall be considered as the sole pro-"perty and estate of the said Letitia during her life, free and clear "from the debts and liabilities of her present and any future hus-

"band—although it is the intention of the parties, that the said Fre-
"derick A. Stuart shall manage and superintend the business in
"which the said sum of three thousand dollars shall be embarked :
"but still nevertheless only as a trustee for his said wife and her
"child and children (and to which he doth agree, testified by his
"executing these presents.) AND UPON FURTHER TRUST, and with
"full power to the said Letitia Stuart, as if she was a *feme sole* and
"without any control or right on the part of her husband, by deed
"or will duly executed during any part of her life, to grant, limit,
"bequeath or appoint the said five thousand dollars (subject to all
"lien of the said New York Life Insurance and Trust Company
"thereon and therein,) and all moneys to be raised upon the same
"under the said order in chancery, and all shares of business còn-
"nected with the said moneys or in which the same may hereafter
"be embarked, and all profits, interest and accumulations thereof
"in any way—and to whom she may choose. And in default, &c.
"&c."